# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BLUE SPIKE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:17-cv-00175-JRG |
| | § | |
| NOOK DIGITAL, LLC | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |
| | § | |

# NOOK DIGITAL LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

# TABLE OF CONTENTS

**Page**

I. Introduction ..... 1

II. Background ..... 1

A. Procedural History ..... 1

B. Nook Digital Is Incorporated in Delaware and Has An Established Place of Business In Only One Location: New York. ..... 1

I. ARGUMENT ..... 2

A. Legal Standard ..... 3

B. Nook Digital Does Not Reside in the Eastern District of Texas ..... 4

C. Nook Digital Has No “Regular and Established Place of Business” in this District. ..... 4

D. In the Alternative, the Court Should Transfer This Matter to the Southern District of New York. ..... 9

III. Conclusion ..... 10

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Dubin v. U.S.*,
  380 F.2d 813 (5th Cir. 1967) ............................................................................................... 4, 10

*Golf Doc LLC v. Teledyne Continental Motors Inc*,
  2016 WL 7451346 (E.D. Tex. 2016) ........................................................................................ 3

*In re Cordis Corp.*,
  769 F.2d 733 (Fed. Cir. 1985) .................................................................................................. 5

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009) .............................................................................................. 10

*International Software Systems, Inc. v. Amplicon, Inc.*,
  77 F.3d 112 (5th Cir. 1996) ...................................................................................................... 4

*Johnston v. IVAC Corp.*,
  681 F. Supp. 959 (D. Mass. 1987) ........................................................................................... 5

*Langdon v. Cbeyond Commc'n., LLC*,
  282 F. Supp. 2d 504 (E.D. Tex. 2003) ..................................................................................... 3

*Norsworthy v. Mystik Transport, Inc.*,
  430 F. Supp. 2d 631 (E.D. Tex. 2006) ..................................................................................... 3

*Olberding v. Illinois Cent. R. Co.*,
  346 U.S. 338 (1953) ................................................................................................................. 5

*Raytheon Co. v. Cray, Inc.*,
  No. 2:15-CV-1554-JRG (E.D. Tex. June 29, 2017) ......................................................... 3, 6, 8

*Schnell v. Peter Eckrich & Sons*,
  365 U.S. 260 (1961) ................................................................................................................. 5

*Stuebing Automatic Machine Co. v. Gavronsky*,
  No. 16-576 (S.D. Ohio June 12, 2017) ................................................................................. 5, 9

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S.Ct. 1514 (2017) ...................................................................................................... passim

**STATUTES**

28 U.S.C. § 1400(b) ......................................................................................................................... 5

28 U.S.C. § 1406 .................................................................................................................... 1, 9, 10

28 U.S.C. § 1406(a) ..................................................................................................................... 3, 4

28 U.S.C. §1404 ............................................................................................................................. 10

Fed. R. Civ. P. 12(b)(3) .................................................................................................... 1, 3, 10

## OTHER AUTHORITIES

15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3826 (4th ed. 2017) ........................................................................................................................ 3

## I.     INTRODUCTION

Venue is improper in this District because the sole remaining defendant, Nook Digital LLC ("Nook Digital"), is incorporated in Delaware and has no "regular and established place of business" here. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S.Ct. 1514 (2017) ("*TC Heartland*"). Accordingly, Nook Digital respectfully moves to dismiss or, in the alternative, to transfer this case to the Southern District of New York, under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406.

## II.    BACKGROUND

### A.     Procedural History

Plaintiff Blue Spike LLC ("Blue Spike") filed its Complaint in this case on March 23, 2017 against Barnes & Noble, Inc., Barnes & Noble Booksellers, Inc. and Nook Digital LLC. (Dkt. No. 1.) After meeting and conferring with respect to which Barnes & Noble entities should be named as Defendants in the case, the parties filed a joint stipulation dismissing Barnes & Noble, Inc. and Barnes & Noble Booksellers, Inc. on June 13, 2017. (Dkt. No. 11.) The Court granted the parties' stipulation and dismissed all claims against Barnes & Noble, Inc. and Barnes & Noble Booksellers, Inc. without prejudice on June 14, 2017, leaving Nook Digital as the sole remaining defendant. (Dkt. No. 13.)

### B.     Nook Digital Is Incorporated in Delaware and Has An Established Place of Business In Only One Location: New York.

Nook Digital is a Delaware entity with its principal place of business in the Southern District of New York. (Gluck Decl. ¶ 2 and Ex. 1.)[1] Nook Digital does not have any offices, personnel or facilities in Texas. (Gluck Decl. ¶¶ 3-4.)

---

[1] References to "Gluck Decl." refer to the Declaration of Josh Gluck, which is being submitted concurrently herewith.

**NOOK'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER** – Page 1

The following undisputable facts confirm that venue is improper:

- Nook Digital is incorporated in Delaware, not Texas.

- Nook Digital has no offices, rental property, or real estate in this District.

- Nook Digital does not maintain any warehouse, distribution center, or inventory in this District.

- Nook Digital does not contract with any administrative or financial services firms within this District.

- Nook Digital's principal place of business is in New York, New York.

- Nook Digital has no employees who reside in or regularly work in this District.

- Nook Digital has not made any representations that it regularly conducts business in this District, for example, by advertising that it does business here.

(Gluck Decl. at ¶ 2-10.)

## I.  ARGUMENT

On May 22, 2017, the Supreme Court held that that venue in a patent case is only proper: (a) where the defendant is incorporated; or (b) where acts of infringement have occurred and where the defendant has "a regular and established place of business." *TC Heartland,* 137 S.Ct. at 1521. In other words, following *TC Heartland*, personal jurisdiction is no longer sufficient to establish venue against a corporate defendant in a patent case.[2]  *Id.*  As to Nook Digital, venue is only proper in Delaware or the Southern District of New York.

---

[2] Although the Supreme Court issued *TC Heartland* after Blue Spike initiated this case, *TC Heartland* applies because "the Supreme Court's interpretation of federal civil law 'must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate the Supreme Court's announcement of the rule.'" *NeuroRepair, Inc. v. The Nath Law Group*, 781 F.3d 1340, 1345 (Fed. Cir. 2015) (*quoting Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993)).

Because venue is improper in this District, this case should be dismissed under Rule 12(b)(3). If the Court is inclined to transfer rather than dismiss, the Court should transfer the case to the Southern District of New York, which is where the vast majority of Nook Digital's employees work, and where all of Nook Digital's documents are stored.

### A.     Legal Standard

Fed. R. Civ. P. 12(b)(3) permits a motion to dismiss where the plaintiff has selected an improper venue for suit. 28 U.S.C. § 1406(a) similarly allows a court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Under either statute, when an objection to venue is raised under § 1406(a), "the burden is on the plaintiff to establish the district it chose is proper." *Golf Doc LLC v. Teledyne Continental Motors Inc*, 2016 WL 7451346, at *4 (E.D. Tex. 2016) (collecting authorities); *Norsworthy v. Mystik Transport, Inc.*, 430 F. Supp. 2d 631, 633 (E.D. Tex. 2006); *Langdon v. Cbeyond Commc'n., LLC,* 282 F. Supp. 2d 504, 508 (E.D. Tex. 2003).[3]

Under § 1406(a), dismissal or transfer is mandatory where venue is improper: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added); *see also International Software Systems, Inc. v. Amplicon, Inc.,* 77 F.3d 112, 115 (5th Cir. 1996) ("[t]here is no basis . . . to import

---

[3] Digital submits that Blue Spike should bear the burden to establish proper venue, *see, e.g.,* 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3826 (4th ed. 2017) (noting that "the weight of judicial authority appears to be that when the defendant has made a proper objection, the burden is on the plaintiff"); however, Nook Digital is aware that the Court did not decide the burden of proof issue in its recent *Raytheon* decision. *Raytheon Co. v. Cray, Inc.*, No. 2:15-CV-1554-JRG at 5-7 (E.D. Tex. June 29, 2017). Even if the Court finds that Nook Digital bears the burden of proof, the Court should still grant Nook Digital's motion to dismiss; Nook Digital has met its burden.

the discretionary federal standard of section 1404(a) . . . to the instant cases [brought under § 1406]); *Dubin v. U.S.*, 380 F.2d 813, 816 (5th Cir. 1967) ("In substance, § 1404 is the statutory enactment of the doctrine of forum non conveniens tempered to allow transfer rather than dismissal. By contrast, § 1406 operates in cases where the first forum chosen is improper in the sense that the litigation may not proceed there.").

### B. Nook Digital Does Not Reside in the Eastern District of Texas

Blue Spike alleged in its Complaint that venue was proper on the basis of personal jurisdiction. (Dkt. No. 1 at 5-6). Even if that were true as to Nook Digital, being subject to personal jurisdiction in a district is unquestionably not a valid basis for venue following *TC Heartland*. With respect to the first prong of § 1400(b),[4] the Supreme Court in *TC Heartland* held that a defendant "resides" only in its "state of incorporation." 137 S.Ct. at 1521. Thus, following *TC Heartland*, Nook Digital "resides" in only one district: the District of Delaware. (*See* Gluck Decl. Ex. 1.) Accordingly, Blue Spike cannot establish venue in this District under the first prong of § 1400(b).

### C. Nook Digital Has No "Regular and Established Place of Business" in this District

Nor can Blue Spike establish venue under the second prong of § 1400(b), which allows a defendant to be sued "where the defendant has committed acts of infringement *and has a regular and established place of business*." 28 U.S.C. § 1400(b) (emphasis added). The Supreme Court has held that the venue requirements of § 1400(b) are "specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal'

---

[4] For context, the full text of the patent venue statute reads, "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

construction." *Schnell v. Peter Eckrich & Sons*, 365 U.S. 260, 264 (1961) (*quoting Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338, 340 (1953)). When determining whether a defendant has a regular and established place of business "the appropriate inquiry is whether the corporate defendant does its business in that district *through a permanent and continuous presence there . . .*" *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) (emphasis added).[5] "[T]he regular and established place of business standard requires more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the 'doing business' standard of the general venue provision." *Johnston v. IVAC Corp.*, 681 F. Supp. 959, 962 (D. Mass. 1987); *see also Stuebing Automatic Machine Co. v. Gavronsky*, No. 16-576 (S.D. Ohio June 12, 2017), D.E. 42 at 7 (applying *TC Heartland* and finding "(1) solicitation of sales and completion of transactions in [the] district; (2) exchange of emails, telephone calls, and product specifications with customers in [the] district; (3) receipt of purchase orders and payment from customers in [the] district; [and] (4) shipment of infringing product to [the] district" by defendant were *not* sufficient to show a regular and established place of business). Under this standard, there is no question that Nook Digital lacks a "regular and established place of business" within the Eastern District of Texas.

Nook Digital also lacks a regular and established place of business under the four factor test announced by this Court in *Raytheon Co. v. Cray, Inc.*, No. 2:15-CV-1554-JRG (E.D. Tex. June 29, 2017) ("*Raytheon*"). Whereas the defendant corporation in *Raytheon* employed an account executive in the Eastern District who was "responsible for new account development in

---

[5] *In re Cordis Corp.* was the last Federal Circuit case on the second prong of § 1400(b). In that case, the Federal Circuit held that a district court had not made a manifest error in finding that a "regular and established place of business" existed where the corporate defendant: (1) employed two full-time sales representatives who each continually maintained home offices and inventory in the district; and (2) engaged a secretarial service that created an appearance that the corporation was an established business in the district. *Id.* at 737. Nook Digital has nothing remotely close to the connections at issue in *In re Cordis Corp.*

the Central U.S.," who "contacted and sold products to customers using an 'office' telephone number with an Eastern District of Texas area code," and who provided his Texas phone numbers to prospective customers in sales proposals, Nook Digital does not employ any personnel who reside in or regularly work in this District. (Gluck Decl. ¶ 10.) Indeed, as set forth below, none of the four factors in *Raytheon* supports a finding that Nook Digital has a regular and established place of business in this District.

### 1. Nook Digital Lacks any Physical Presence in this District

While this Court has held that "a retail store, warehouse, or other facility in the district weighs strongly in favor of finding a regular and established place of business," *Raytheon* at 22, Nook Digital does not have any retail store, warehouse or other facility in this District. (Gluck Decl. ¶ 4.) Nook Digital also does not have any "inventory or property," "equipment or infrastructure," or employees in this District. (*Compare* Gluck Dec. ¶ 4 *with Raytheon* at 23.) In its Complaint, Blue Spike makes a number of allegations regarding Nook Digital's connections to this District, as well as the alleged connections of now-dismissed defendants Barnes & Noble, Inc. and Barnes & Noble Booksellers, Inc. (Dkt. No. 1 at 5.) With respect to Nook Digital (the only remaining defendant in this case), these allegations are incorrect.

- Although Blue Spike alleges that Nook Digital "has partnered with numerous resellers and distributors to sell and offer for sale infringing products to consumers in this District and in Texas, both in local stores and online" (Dkt. No. 1 at 4), Nook Digital has not entered into "partnerships" with any resellers or distributors such that the reseller or distributor's sales could properly be attributed to Nook Digital for venue purposes. Rather, Nook Digital has a contract with Barnes & Noble, and previously had contractual relationships with certain other third parties, pursuant to which Barnes & Noble and those third parties sold the accused products

nationwide. (Gluck Decl. ¶ 7.) Nook Digital did not and does not take any steps to specifically target customers in this District. (*Id.*)

- Although Blue Spike alleges that Nook Digital "operates a website that solicits sales of infringing products by consumers in this District and Texas" (Dkt. No. 1 at 4), that allegation is incorrect. Nook Digital does not operate an eCommerce website. (Gluck Decl. ¶ 8.) Nor does Nook Digital take any steps to specifically solicit sales from customers in this District, for example by engaging in localized marketing or running promotions that are unique to this District. (Gluck Decl. ¶ 6.)

- Although Blue Spike alleges that Nook Digital "offers telephonic and e-mail support services to customers in this District and Texas" (Dkt. No. 1 at 4), that allegation is incorrect. Nook Digital does not provide customer support services. Barnes & Noble provides telephonic and e-mail customer support services to customers who purchase accused devices, and those services are the same for all customers in the United States. (Gluck Decl. ¶ 4.) They are not specifically tailored to customers located in this District. (*Id.*)

- Although Blue Spike alleges that Nook Digital "engages in substantial business acquisitions in this District" (Dkt. No. 1 at 4 (*citing* Dkt. No. 1-6 at 2)), the cited article describes a bookstore that "Barnes and Noble" acquired in 1989. And while a different Barnes & Noble entity may have acquired a bookstore in 1989, Nook Digital – the only remaining defendant – does not own any offices, rental property, or real estate in this District. (Gluck Decl. ¶ 4.) Nook Digital has never acquired any bookstores in this District. (*Id.*)

- Although Blue Spike alleges that Nook Digital "continues to invest in large development projects in this district" (Dkt. No. 1 at 4 (*citing* Dkt. No. 1-7)), the cited article discusses a concept store being opened by Barnes and Noble, not by Nook Digital. Again, Nook Digital does not own any offices, rental property, or real estate in this District, and Nook Digital has not invested in any development projects in this District. (Gluck Decl. ¶ 4.)

- Finally, Blue Spike alleges that Nook Digital's "presence in this state is second in the entire nation." The meaning of this allegation is unclear; the cited exhibit does not stand for such a proposition. (*See* Dkt. No. 1-8.) In any event, Nook Digital is based in New York, New York; it has no unique or specific contacts to this District. (Gluck Decl. ¶ 2.)

### 2. Nook Digital Has Not Represented That it Has Any Presence in This District

Nook Digital does not represent, "internally or externally, that it has a presence in the district." *See Raytheon* at 24. Nor has Blue Spike alleged otherwise. Nook Digital does not take any affirmative steps to specifically target customers in this District or solicit sales from this District. (Gluck Decl. ¶ 6, 7.) Other courts applying *TC Heartland* have held that contacts even less tenuous are not enough. *See Stuebing*, No. 16-576 (S.D. Ohio June 12, 2017), D.E. 42 at 7 ("The fact that defendants may communicate by email or telephone with customers in the Southern District of Ohio or ship product from Texas to customers in this district does not establish that defendants have a permanent and continuous presence here.").

### 3. Nook Digital Does Not Have A Presence In This District From Which It Derives Any Benefits

Nook Digital does not derive any benefit from a presence within this District. As explained above, Nook Digital's primary place of business is New York, New York. Nook Digital does not

have any presence in this District, physical or otherwise. Nook Digital, therefore, does not derive any benefit from a presence here.

### 4. Nook Digital Does Not Interact in a Targeted Way With This District

Nook Digital also does not "interact[] in a targeted way with existing or potential customers, consumers, users, or entities" within this District. *See Raytheon* at 25. Specifically, Nook Digital does not conduct any "localized customer support," have any "ongoing contractual relationships," or engage in any "targeted marketing efforts" that are specific to this District. (Gluck Decl. ¶ 6-7, 9)

\* \* \* \* \*

In summary, Nook Digital has no specific, targeted connection to the Eastern District of Texas, and certainly no "regular and established place of business." For these reasons, venue in this District is improper and the Court should dismiss Blue Spike's Complaint under Rule 12(b)(3).

### D. In the Alternative, the Court Should Transfer This Matter to the Southern District of New York.

If the Court is not inclined to dismiss Blue Spike's Complaint, Nook Digital moves in the alternative to transfer this case under 28 U.S.C. § 1406. Section 1406 "operates when there exists an obstacle—either incorrect venue, absence of personal jurisdiction, or both—to a prompt adjudication on the merits in the forum where originally brought." *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967). Under § 1406(a), a court may transfer an action that would otherwise be dismissed "to any district or division in which it could have been brought" so long as it is "in the interest of justice to order it." *Id.*

Transferring this case to the Southern District of New York would be proper because this case could have been brought there in the first instance. Among other things, both personal jurisdiction and venue are proper in the Southern District of New York because Nook Digital has

a permanent and established place of business in that District. (Gluck Decl. at ¶¶ 2-3, 10.) Moreover, Nook Digital's witnesses and documents are located in the Southern District of New York, and that District is the only location where relevant evidence from Nook Digital exists. (*Id.*) This factor alone makes it a better choice for transfer than any other location in which venue might be proper. *Cf.* 28 U.S.C. §1404; *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009) ("A motion to transfer venue should be granted upon a showing that the transferee venue is 'clearly more convenient' than the venue chosen by the plaintiff.").

### III. CONCLUSION

For the foregoing reasons, Nook Digital respectfully requests that the Court grant its motion to dismiss Blue Spike's Complaint under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406 or, in the alternative, transfer this case to the Southern District of New York.

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
Catherine M. Maness
Texas Bar No. 240898032
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Tel: 903.255.1000
Fax: 903.255.0800
Email: jdoan@haltomdoan.com
Email: cmaness@haltomdoan.com

David Eiseman
davideiseman@quinnemanuel.com
Lindsay Cooper
lindsaycooper@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

**ATTORNEY FOR DEFENDANT
NOOK DIGITAL, LLC**

### CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 7, 2017.

*/s/ Jennifer H. Doan*
Jennifer H. Doan

**NOOK'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER – Page 11**